IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| FUTURE LINK SYSTEMS, LLC, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Intel Corporation ("Intel"), for its Complaint against Defendant Future Link Systems, LLC ("Future Link"), hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment that nine United States patents are not infringed, invalid, licensed, and/or exhausted pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## THE PARTIES

2.     Plaintiff Intel is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054.  Intel does business in this District.

3.     Defendant Future Link is a limited liability company organized and existing under the laws of the State of Delaware that was formed in October 2012.  Future Link's registered agent for service is National Corporate Research, Ltd., 615 Dupont Hwy., Dover, Delaware 19901. Future Link is in the business of enforcing and attempting to monetize patents.  Future Link does not sell or offer for sale any products.

## JURISDICTION AND VENUE

4.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6.      This Court has personal jurisdiction over Future Link based at least upon Future Link's organization as a limited liability company under the laws of the State of Delaware.

7.      This Court has subject matter jurisdiction over this action based on a real and immediate controversy between Future Link and Intel regarding whether Intel's products infringe certain patents alleged by Future Link to cover technologies supplied by Intel including PCI Express, multi-function PCI device capability, Intel's QuickPath Interconnect, processors incorporating multiple thermal sensors into a processor core, memory modules, graphics cards, and processors capable of write combining, and further whether those Future Link patents are invalid.

8.      Future Link purports to be the owner of a portfolio of patents that, according to Future Link, allegedly "relate to a variety of products and technologies, such as: data interconnect and interface technologies, computer and network architecture, gaming devices, mobile phones, processors, memory, and other integrated circuits." According to Future Link, its alleged portfolio includes U.S. Patent Nos. 5,608,357; 5,870,570; 6,008,823; 6,108,738; 6,606,576; 6,622,108; 6,636,166; 6,920,576; and 7,478,302 (collectively, the "Patents-in-Suit"), as well as other U.S. Patents.  On information and belief, the Patents-in-Suit were assigned to Future Link in 2013.

9.      Future Link has engaged in a campaign of asserting its patents against Intel's customers, and has demanded licenses from Intel's customers, based, for example, on those

customers' alleged use of technologies provided by Intel components.  For example, on April 15,

2013, Future Link's Managing Director, Brian Marcucci, sent a letter to the Dell Legal

Department, One Dell Way: RR1-33, Round Rock, Texas ("the Dell Letter").  In the Dell Letter,

Future Link claims to own "over 200 issued and pending U.S. patents" and accuses Dell of

infringing, and continuing to infringe, either directly or indirectly, U.S. Patent Nos. 5,608,357;

5,870,570; 6,008,823; 6,108,738; 6,606,576; 6,622,108; 6,636,166; 6,920,576; and 7,478,302 by,

*inter alia*, "incorporat[ing] and us[ing] features and functionalities covered by these patents,

including, for example," by certain "representative products" identified in Tables 1 and 2 to the

Dell Letter.  Tables 1 and 2 identify "representative" allegedly infringing products.  For example,

regarding the '570 patent, Future Link alleges, *inter alia*, that "Dell products incorporating multi-

function PCI device capability into a single integrated circuit," as well as "[a]ll other products

incorporating multi-function PCI device capability into a single integrated circuit" are

"representative" infringing products.  Regarding the '738 patent, Future Link alleges, *inter alia*,

that "Dell products incorporating multi-function PCI device capability into a single integrated

circuit," as well as "[a]ll other products incorporating multi-function PCI device capability into a

single integrated circuit" are "representative" infringing products.  Regarding the '6576 patent,

Future Link alleges, *inter alia*, that "Dell products using, and/or supporting the PCI-Express

(PCIe) standard," as well as "[a]ll other products using, and/or supporting the PCI-Express

(PCIe) standard" are "representative" infringing products.  Regarding the '108 patent, Future

Link alleges, *inter alia*, that "Dell products containing, using and/or incorporating DDR3

SDRAM, DDR3 SDRAM memory modules, and/or GDDR5 SGRAM" as well as "[a]ll other

products containing, using and/or incorporating DDR3 SDRAM, DDR3 SDRAM memory

modules, and/or GDDR5 SGRAM" and "[a]ll other Dell products containing, using or offered

for sale with graphics cards incorporating DDR3 or GDDR5 SGRAM" are "representative" infringing products. Regarding the '302 patent, Future Link alleges, *inter alia*, that "Dell products using and/or containing a processor that incorporate multiple thermal sensors into a processor core, such as a central processing unit (CPU) or graphics processing unit (GPU)," as well as "[a]ll other products using and/or containing a processor that incorporate multiple thermal sensors into a processor core, such as a central processing unit (CPU) or graphics processing unit (GPU)" are "representative" infringing products. Regarding the '357 patent, Future Link alleges, *inter alia*, that "Dell products using and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other products using and/or supporting the PCI-Express (PCIe) standard" are "representative" infringing products. Regarding the '823 patent, Future Link alleges, *inter alia*, that "[a]ll Dell Inspiron 15 laptop computers" are "representative" infringing products. Regarding the '166 patent, Future Link alleges, *inter alia*, that "Dell products using and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other products using and/or supporting the PCI-Express (PCIe) standard" are "representative" infringing products. Regarding the '0576 patent, Future Link alleges, *inter alia*, that "Dell PowerEdge series servers that support at least 2 Intel Xeon 5500, 5600, E5 or E7 series processors," as well as "[a]ll other products using and/or supporting [Intel] QuickPath Interconnect (QPI)" are "representative" infringing products. The Dell Letter states that Future Link "believes that Dell requires a license from [Future Link]" "to allow Dell to continue its use of these patented technologies in Dell products."

10. Also on April 15, 2013, Mr. Marcucci sent a letter to the Executive Vice President and General Counsel of Hewlett Packard Company, 3000 Hanover Street, Palo Alto, California ("the HP Letter"). In the HP Letter, Future Link again claims to own "over 200 issued and

pending U.S. patents" and accuses HP of infringing, and continuing to infringe, either directly or indirectly, eight of the nine Patents-in-Suit asserted against Dell, U.S. Patent Nos. 5,608,357; 5,870,570; 6,008,823; 6,108,738; 6,606,576; 6,622,108; 6,636,166; and 6,920,576 by, *inter alia*, making, using, or selling "products [that] incorporate and use features and functionalities covered by" these patents, including, for example, by certain allegedly "infringing products" identified in Table 1 to the HP Letter.  For example, regarding the '357 patent, Future Link alleges, *inter alia*, that "HP products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "infringing products."  Regarding the '570 patent, Future Link alleges, *inter alia*, that "HP products using or containing Southbridge devices that incorporate multi-function PCI device capability into a single integrated circuit" as well as "[a]ll other products incorporating multi-function PCI device capability into a single integrated circuit" are "infringing products."  Regarding the '823 patent, Future Link alleges, *inter alia*, that "[a]ll HP 2000z-2c00 Notebooks PCs" are "infringing products."  Regarding the '738 patent, Future Link alleges, *inter alia*, that "HP products containing and/or using Southbridge devices that incorporate multi-function PCI device capability into a single integrated circuit" as well as "[a]ll other products incorporating multi-function PCI device capability into a single integrated circuit" are "infringing products."  Regarding the '6576 patent, Future Link alleges, *inter alia*, that "HP products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "infringing products."  Regarding the '108 patent, Future Link alleges, *inter alia*, that "HP products containing, using and/or incorporating DDR3 SDRAM, DDR3 SDRAM memory modules, and/or GDDR5 SGRAM" as well as "[a]ll other products containing, using and/or

incorporating DDR3 SDRAM, DDR3 SDRAM memory modules, and/or GDDR5 SGRAM" and "[a]ll other products containing, using or offered for sale with graphics cards incorporating GDDR5 SGRAM" are "infringing products."  Regarding the '166 patent, Future Link alleges, *inter alia*, that "HP products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "infringing products."  Regarding the '0576 patent, Future Link alleges, *inter alia*, that "HP products using and/or supporting [Intel] QuickPath Interconnect (QPI)," as well as "[a]ll other products using and/or supporting [Intel] QuickPath Interconnect (QPI)" are "infringing products."  The HP Letter states that Future Link "believes that HP requires a license from [Future Link]" "to allow HP to continue its use of these patented technologies in HP products."

11.     On information and belief, in or about June 2013, Future Link also sent a letter to Promise Technology, Inc. ("the Promise Letter").  In the Promise Letter, Future Link accuses Promise Technology, Inc. of infringing five of the nine Patents-in-Suit asserted against Dell, U.S. Patent Nos. 5,608,357; 6,606,576; 6,622,108; 6,636,166; and 6,920,576 by, *inter alia*, making, using, or selling "representative products."  For example, regarding the '357 patent, Future Link alleges, *inter alia*, that "PROMISE systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "representative" infringing products.  Regarding the '6576 patent, Future Link alleges, *inter alia*, that "PROMISE systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "representative" infringing products.  Regarding the '108 patent, Future

Link alleges, *inter alia*, that "PROMISE systems and/or products containing, using and/or incorporating DDR3 SDRAM, DDR3 SDRAM memory modules, and/or GDDR5 SGRAM" as well as "[a]ll other systems and/or products containing, using and/or incorporating DDR3 SDRAM, DDR3 SDRAM memory modules, and/or GDDR5 SGRAM" are "representative" infringing products. Regarding the '166 patent, Future Link alleges, *inter alia*, that "PROMISE systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard," as well as "[a]ll other systems and/or products containing, using, and/or supporting the PCI-Express (PCIe) standard" are "representative" infringing products. Regarding the '0576 patent, Future Link alleges, *inter alia*, that "PROMISE systems and/or products that support [Intel] QuickPath Interconnect (QPI)," as well as "[a]ll other systems and/or products that support [Intel] QuickPath Interconnect (QPI)" are "representative" infringing products.

12.     Intel manufactures and sells components that are the subject of Future Link's accusations against Dell, HP, and Promise referenced above, and Intel has engaged in meaningful preparations to continue manufacturing and selling such components.     Intel customers including Dell, HP and Promise have incorporated and continue to incorporate such components into their products, including the products set forth above.

13.     Intel's products have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents; nor is Intel aware of any infringement of any of the Patents-in-Suit. Thus, a substantial controversy exists between the parties regarding the Patents-in-Suit, Intel products, and Intel's alleged liability for direct or indirect infringement based on Future Link's allegations of direct and indirect infringement by Intel's customers based on Intel components that is of sufficient immediacy and reality to warrant declaratory relief.

14.     Additionally, Intel has received indemnity demands from its customers based on Future Link's patent infringement accusations, and Intel's customers continue to seek indemnity from Intel in connection with Future Link's assertions.   Intel is obligated to indemnify its customers for third-party patent infringement claims in accordance with the terms of the respective agreements governing sales to those customers.  According to the United States Patent and Trademark Office ("U.S.P.T.O.") "Assignments on the Web" database, Future Link recorded its assignments to the Patents-in-Suit with the U.S.P.T.O. on March 6, 2014, indicating that litigation is imminent.

### THE PATENTS-IN-SUIT

15.     U.S. Patent No. 5,608,357 ("the '357 patent") is entitled "High Speed Phase Aligner with Jitter Removal" and bears an issuance date of March 4, 1997.  A copy of the '357 patent is attached hereto as Exhibit 1.

16.     U.S. Patent No. 5,870,570 ("the '570 patent") is entitled "Multiple Bus Agent Integrated Circuit Device for Connecting to an External Bus" and bears an issuance date of February 9, 1999.  A copy of the '570 patent is attached hereto as Exhibit 2.

17.     U.S. Patent No. 6,008,823 ("the '823 patent") is entitled "Method and Apparatus for Enhancing Access to a Shared Memory" and bears an issuance date of December 28, 1999.  A copy of the '823 patent is attached hereto as Exhibit 3.

18.     U.S. Patent No. 6,108,738 ("the '738 patent") is entitled "Multi-Master PCI Bus System within a Single Integrated Circuit" and bears an issuance date of August 22, 2000.  A copy of the '738 patent is attached hereto as Exhibit 4.

19.     U.S. Patent No. 6,606,576 ("the '6576 patent") is entitled "Real-Time Channel Calibration Method and Arrangement" and bears an issuance date of August 12, 2003.  A copy of the '6576 patent is attached hereto as Exhibit 5.

20.     U.S. Patent No. 6,622,108 ("the '108 patent") is entitled "Circuit with Interconnect Test Unit and a Method of Testing Interconnects between a First and a Second Electronic Circuit" and bears an issuance date of September 16, 2003.  A copy of the '108 patent is attached hereto as Exhibit 6.

21.     U.S. Patent No. 6,636,166 ("the '166 patent") is entitled "Parallel Communication Based on Balanced Data-Bit Encoding" and bears an issuance date of October 21, 2003.  A copy of the '166 patent is attached hereto as Exhibit 7.

22.     U.S. Patent No. 6,920,576 ("the '0576 patent") is entitled "Parallel Data Communication having Multiple Sync Codes" and bears an issuance date of July 19, 2005.  A copy of the '0576 patent is attached hereto as Exhibit 8.

23.     U.S. Patent No. 7,478,302 ("the '302 patent") is entitled "Signal Integrity Self-Test Architecture" and bears an issuance date of January 13, 2009.  A copy of the '302 patent is attached hereto as Exhibit 9.

24.     Future Link claims to be the owner of each of the Patents-in-Suit.  Future Link further claims to be the owner of over 200 issued and pending U.S. patents. Intel reserves all rights to amend this Complaint to seek a declaratory judgment of non-infringement of any other issued or pending U.S. patent owned by Future Link.

## COUNT I
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,608,357

25.     Intel repeats and realleges the allegations in paragraphs 1–24 as though fully set forth herein.

26.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '357 patent, either literally or under the doctrine of equivalents.

27.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '357 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

28.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '357 patent.

30.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '357 patent, and that its customers have not infringed and do not infringe the '357 patent based on their alleged use of technologies provided by Intel components.

## COUNT II
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,608,357

31.     Intel repeats and realleges the allegations in paragraphs 1–30 as though fully set forth herein.

32.     The '357 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

33.     For example, the '357 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,757,872, discloses the limitations of the claims of the '357 patent as asserted by Future Link.  U.S. Patent No. 5,757,872 was known in the art by at least November 30, 1994.

34.     As another example, the '357 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '357 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 5,757,872, either alone or in combination with other prior art.

35.     The '357 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

36.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '357 patent.

**COUNT III**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,870,570**

38.     Intel repeats and realleges the allegations in paragraphs 1–37 as though fully set forth herein.

39.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '570 patent, either literally or under the doctrine of equivalents.

40.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '570 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

41.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '570 patent.

43.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '570 patent, and that its customers have not infringed and do not infringe the '570 patent based on their alleged use of technologies provided by Intel components.

## COUNT IV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,870,570

44.     Intel repeats and realleges the allegations in paragraphs 1–43 as though fully set forth herein.

45.     The '570 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

46.     For example, the '570 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as the Intel i960 RP processor, practices and/or discloses the limitations of the claims of the '570 patent as asserted by Future Link.  The Intel i960 RP processor was known in the art by at least July 1996.

47.     As another example, the '570 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '570 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the Intel i960 RP processor, either alone or in combination with other prior art.

48.     The '570 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

49.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '570 patent.

## COUNT V
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,008,823

51.     Intel repeats and realleges the allegations in paragraphs 1–50 as though fully set forth herein.

52.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '823 patent, either literally or under the doctrine of equivalents.

53.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '823 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

54.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '823 patent.

56.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '823 patent, and that its customers have not infringed and do not infringe the '823 patent based on their alleged use of technologies provided by Intel components.

## COUNT VI
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,008,823

57.     Intel repeats and realleges the allegations in paragraphs 1–56 as though fully set forth herein.

58.    The '823 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

59.    For example, the '823 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,630,075, discloses the limitations of the claims of the '823 patent as asserted by Future Link.  U.S. Patent No. 5,630,075 was known in the art by at least May 25, 1995.

60.    As another example, the '823 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '823 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 5,630,075, either alone or in combination with other prior art.

61.    The '823 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

62.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '823 patent.

## COUNT VII
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,108,738

64.    Intel repeats and realleges the allegations in paragraphs 1–63 as though fully set forth herein.

65.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '738 patent, either literally or under the doctrine of equivalents.

66.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '738 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

67.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

68.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '738 patent.

69.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '738 patent, and that its customers have not infringed and do not infringe the '738 patent based on their alleged use of technologies provided by Intel components.

## COUNT VIII
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,108,738

70.     Intel repeats and realleges the allegations in paragraphs 1–69 as though fully set forth herein.

71.     The '738 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

72.     For example, the '738 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as the Intel i960 RP processor, practices and/or discloses the limitations of the claims of the '738 patent as asserted by Future Link.  The Intel i960 RP processor was known in the art by at least July 1996.

73.     As another example, the '738 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '738 patent as asserted by Future Link would have been obvious to one

of ordinary skill in the art in view of the prior art, such as the Intel i960 RP processor, either alone or in combination with other prior art.

74.    The '738 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

75.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

76.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '738 patent.

## COUNT IX
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,606,576

77.    Intel repeats and realleges the allegations in paragraphs 1–76 as though fully set forth herein.

78.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '6576 patent, either literally or under the doctrine of equivalents.

79.    Intel's customers have not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '6576 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

80.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '6576 patent.

82.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '6576 patent, and that its customers have not infringed and do not infringe the '6576 patent based on their alleged use of technologies provided by Intel components.

## COUNT X
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,606,576

83.     Intel repeats and realleges the allegations in paragraphs 1–82 as though fully set forth herein.

84.     The '6576 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

85.     For example, the '6576 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 6,336,192, discloses the limitations of the claims of the '6576 patent as asserted by Future Link.  U.S. Patent No. 6,336,192 was known in the art by at least February 12, 1999.

86.     As another example, the '6576 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '6576 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 6,336,192, either alone or in combination with other prior art.

87.     The '6576 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

88.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '6576 patent.

## COUNT XI
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,622,108

90.     Intel repeats and realleges the allegations in paragraphs 1–89 as though fully set forth herein.

91.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '108 patent, either literally or under the doctrine of equivalents.

92.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '108 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

93.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

94.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '108 patent.

95.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '108 patent, and that its customers have not infringed and do not infringe the '108 patent based on their alleged use of technologies provided by Intel components.

## COUNT XII
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,622,108

96.     Intel repeats and realleges the allegations in paragraphs 1–95 as though fully set forth herein.

97.     The '108 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

98.    For example, the '108 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as the IEEE 1149.1b-1994 Supplement to IEEE Std 1149.1-1990 and U.S. Patent No. 5,717,701, discloses the limitations of the claims of the '108 patent as asserted by Future Link. The the IEEE 1149.1b-1994 Supplement to IEEE Std 1149.1-1990 and U.S. Patent No. 5,717,701 were known in the art by at least 1994 and 1998, respectively.

99.    As another example, the '108 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '108 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the IEEE 1149.1b-1994 Supplement to IEEE Std 1149.1-1990 and U.S. Patent No. 5,717,701, either alone or in combination with other prior art.

100.    The '108 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

101.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

102.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '108 patent.

## COUNT XIII
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,636,166

103.    Intel repeats and realleges the allegations in paragraphs 1–102 as though fully set forth herein.

104.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '166 patent, either literally or under the doctrine of equivalents.

105.   Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '166 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

106.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

107.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '166 patent.

108.   Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '166 patent, and that its customers have not infringed and do not infringe the '166 patent based on their alleged use of technologies provided by Intel components.

## COUNT XIV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,636,166

109.   Intel repeats and realleges the allegations in paragraphs 1–108 as though fully set forth herein.

110.   The '166 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

111.   For example, the '166 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 4,486,739, discloses the limitations of the claims of the '166 patent as asserted by Future Link.  U.S. Patent No. 4,486,739 was known in the art by at least December 4, 1984.

112.   As another example, the '166 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '166 patent as asserted by Future Link would have been obvious to one

of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 4,486,739, either alone or in combination with other prior art.

113.    The '166 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

114.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

115.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '166 patent.

## COUNT XV
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,920,576

116.    Intel repeats and realleges the allegations in paragraphs 1–115 as though fully set forth herein.

117.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '0576 patent, either literally or under the doctrine of equivalents.

118.    Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '0576 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

119.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

120.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '0576 patent.

121.    Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '0576 patent, and that its customers have not infringed and do not infringe the '0576 patent based on their alleged use of technologies provided by Intel components.

## COUNT XVI
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,920,576

122.    Intel repeats and realleges the allegations in paragraphs 1–121 as though fully set forth herein.

123.    The '0576 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

124.    For example, the '0576 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,872,959, discloses the limitations of the claims of the '0576 patent as asserted by Future Link.  U.S. Patent No. 5,872,959 was known in the art by at least February 16, 1999.

125.    As another example, the '0576 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '0576 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 5,872,959, either alone or in combination with other prior art.

126.    The '0576 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

127.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

128.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '0576 patent.

## COUNT XVII
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,478,302

129.     Intel repeats and realleges the allegations in paragraphs 1–128 as though fully set forth herein.

130.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '302 patent, either literally or under the doctrine of equivalents.

131.     Intel's customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '302 patent, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components.

132.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

133.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '302 patent.

134.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '302 patent, and that its customers have not infringed and do not infringe the '302 patent based on their alleged use of technologies provided by Intel components.

## COUNT XVIII
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,478,302

135.     Intel repeats and realleges the allegations in paragraphs 1–134 as though fully set forth herein.

136.     The '302 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

137.    For example, the '302 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 6,908,227, discloses the limitations of the claims of the '302 patent as asserted by Future Link. U.S. Patent No. 6,908,227 was known in the art by at least August 23, 2002.

138.    As another example, the '302 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '302 patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as U.S. Patent No. 6,908,227, either alone or in combination with other prior art.

139.    The '302 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as asserted by Future Link.

140.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

141.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '302 patent.

## COUNT XIX
## LICENSE

142.    Intel repeats and realleges the allegations in paragraphs 1–141 as though fully set forth herein.

143.    On or about July 15, 1990, a prior alleged owner of the Patents-in-Suit entered into a license agreement with Intel that provides a license to Intel with respect to at least the '357, '570, '823, '738, and '108 patents. Future Link's infringement assertions and license demands are based at least in part on, and on their face encompass, the alleged making, use, sale,

offer for sale, or importation of licensed Intel products and such assertions and license demands are barred at least in part by the aforementioned license.

144.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

145.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights with respect to the Patents-in-Suit.

146.   Intel is entitled to a judicial declaration that it is licensed with respect to at least the '357, '570, '823, '738, and '108 patents.

## COUNT XX
## EXHAUSTION

147.   Intel repeats and realleges the allegations in paragraphs 1–146 as though fully set forth herein.

148.   As set forth above, Future Link's infringement assertions and license demands are based at least in part on, and on their face encompass, the alleged making, use, sale, offer for sale, or importation of Intel products.  Such assertions and license demands are barred at least in part by the doctrine of patent exhaustion by virtue of the allegations in paragraph 134 above.

149.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

150.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights with respect to the Patents-in-Suit.

151.    Intel is entitled to a judicial declaration that Future Link's infringement assertions are barred by the doctrine of patent exhaustion with respect to at least the '357, '570, '823, '738, and '108 patents.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Intel hereby demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Intel respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A.    A declaration that Intel has not infringed, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents;

B.    A declaration that Intel's customers have not infringed, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, based on their alleged use of technologies provided by Intel components;

C.    A declaration that the Patents-in-Suit are invalid;

D.    A declaration that Intel is licensed and/or Future Link's rights are exhausted;

E.    An order enjoining Future Link and its officers, agents, servants, employees, attorneys, and those in active concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the Patents-in-Suit against Intel or the suppliers, manufacturers, distributors, resellers, customers, or end users of its products;

F.    An order declaring that this is an exceptional case, and awarding Intel its

costs and reasonable attorney fees under 35 U.S.C. § 285; and

G.    Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Intel Corporation*

OF COUNSEL:

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022-4611
(212) 446-4800

Adam Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94194
(415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA  90071
(213) 680-8400

March 24, 2014