IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTEL CORPORATION,

   Plaintiff,

v.

              C.A. No. 14-377-LPS

FUTURE LINK SYSTEMS, LLC,

   Defendant.

## MEMORANDUM ORDER

At Wilmington this **5th** day of **August, 2015**:

Having reviewed the parties' letter briefs regarding early summary judgment proceedings related to Intel Corporation's ("Plaintiff") license defense (D.I. 142, 143, 146, 147) and associated exhibits filed therewith, **IT IS HEREBY ORDERED** that the relief requested in Plaintiff's opening letter brief (D.I. 143) is **GRANTED** and the relief requested in Future Link Systems, LLC's ("Defendant") opening letter brief (D.I. 142) is **DENIED,** for the reasons stated below. **IT IS FURTHER ORDERED** that the parties shall comply with the Court's instructions detailed below.

**Plaintiff's Requested Relief**

1. Plaintiff seeks an Order compelling Defendant to "supplement its license contentions in accordance with the Court's Revised Patent Form Joint Scheduling Order (D.I. 34 ¶ 7(j))." (D.I. 143 at 1) Paragraph 7(j) of the Scheduling Order states the following: "By [December 15, 2014], Future Link [is] to provide responsive contentions providing ***in detail*** the ***bases for any allegation that Intel is not licensed*** pursuant to Intel's

1

License Claim and ***factual and evidentiary basis for its contention***." (D.I. 34 at 5) (emphasis added)

2. Defendant has not adequately complied with its obligations under paragraph 7(j) of the Scheduling Order. Plaintiff identified specific provisions of the relevant license agreement, specific categories of products and exemplary documents associated with said products, and specific products allegedly commercialized by Philips Semiconductors or related companies (relevant to the "commercialization requirement" identified by Plaintiff in the license agreement). (*See* D.I. 142-2 at 6-16) Rather than respond specifically to Plaintiff's arguments and evidence, Defendant uses the vast majority of its preliminary responsive contentions to complain about Plaintiff's allegedly deficient document production and discovery responses. (*See, e.g.*, D.I. 143-1 at 4 (". . . many of the technical documents included in Intel's production are unlabeled . . ."), 9 (". . . Intel has not disclosed evidence . . . sufficient to authenticate the Agreement . . .")) The Court agrees with Plaintiff that Defendant "may not avoid its obligations under the Court's schedule by arguing, generically, that Intel has not 'met its burden' to prove it is licensed . . . . [Defendant] needs to explain ***why***." (D.I. 143 at 1) (emphasis added)

3. In light of the above, Defendant shall supplement its preliminary responsive contentions (D.I. 143-1 Ex. B) by no later than **August 17, 2015** to include Defendant's actual positions on the arguments and evidence cited in Plaintiff's preliminary license contentions (D.I. 142-2). After August 17, 2015, Defendant shall be barred from raising in its early summary judgment briefing any additional arguments or evidence that it reasonably could have raised before this date to address the arguments and evidence cited in Plaintiff's preliminary license contentions (D.I. 142-2).

4. For example, Defendant shall explain *why* Defendant believes "Intel has not established that any of the patents are 'Philips Patents'" under the agreement, rather than merely block quoting sections of the license agreement without explanation and providing conclusory statements, such as "[n]either Future Link nor NXP . . . seemingly qualify as members of the 'Philips Group of Companies' and their patents do not seemingly qualify as 'Philips Patents.'" (*See* D.I. 143-1 at 10, 12) Similarly, even if Plaintiff has not "provided Future Link with information sufficient to fully determine the circuitry of each Intel product-at-issue," Defendant shall at least address the products that *are* identified by Intel and explain *why* Defendant believes these products do or do not fall under the license agreement. The foregoing examples are illustrative only and do not limit Defendant's obligations.

**Defendant's Requested Relief**

5. The Court rejects Defendant's argument that Plaintiff's license claim is not suitable for early summary judgment. On the contrary, Plaintiff has identified specific license provisions, products, and arguments for why it thinks five of the patents-in-suit are licensed. (*See, e.g.*, D.I. 142-2 at 6-16) Certain of the issues likely to be presented on summary judgment – for example, the applicability of certain license provisions to the five patents-in-suit – are questions of law (contract interpretation). The Court sees no reason to alter its decision to permit an early summary judgment motion. Therefore, the parties shall comply with the early summary judgment schedule outlined in the Scheduling Order (D.I. 34), as amended and clarified by this and other Orders of the Court. (*See* D.I. 125, 127) In particular, any such motion and opening brief shall be filed on September 28, 2015. (D.I. 127)

6. The Court also rejects Defendant's argument that Plaintiff should not be permitted

to supplement its preliminary license contentions. The parties have engaged in over eight months of discovery since Defendant served its preliminary responsive contentions. The Court finds it not only proper but necessary for Plaintiff to be allowed to supplement its preliminary license contentions to include new arguments and evidence developed during discovery, to allow the record and the parties' arguments to be as complete as possible before early summary judgment briefing. Thus, on or before **August 28, 2015**, Plaintiff may supplement its preliminary license contentions (D.I. 142-2) to include new arguments and evidence. After August 28, 2015, Plaintiff shall be barred from raising in its early summary judgment briefing any additional arguments or evidence that it reasonably could have raised before this date.

7. On or before **September 9, 2015**, Defendant may supplement its responsive license contentions (D.I. 143-1 Ex. B) to address *only* the *new* evidence and/or arguments raised in Plaintiff's *supplemented* license contentions. Plaintiff shall be barred from raising in its early summary judgment briefing any additional arguments or evidence that it reasonably could have raised before this date.

**IT IS FURTHER ORDERED** that the teleconference scheduled for August 7, 2015 at 9:00 a.m. is **CANCELLED**.

HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE