IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 14-377 (LPS) (CJB) |
| v. | ) | |
| | ) | **REDACTED -** |
| FUTURE LINK SYSTEMS, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**INTEL CORPORATION'S ANSWER AND COUNTERCLAIMS TO FUTURE LINK
SYSTEMS, LLC'S PARTIAL ANSWER AND COUNTERCLAIMS TO INTEL'S FIRST
AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Counterclaim Defendant Intel Corporation ("Intel") hereby answers and counterclaims to

Future Link Systems, LLC's ("Future Link's") Partial Answer and Counterclaims to Intel's First

Amended Complaint for Declaratory Judgment (Future Link's "Counterclaims").  Intel further

repeats and realleges the allegations provided in its First Amended Complaint for Declaratory

Judgment to the extent necessary herein.

**THE PARTIES**

1.      Intel admits that Future Link is a company organized and existing under the laws

of the state of Delaware.  Intel lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in this paragraph and therefore denies the same.

2.      Intel admits that Future Link claims to be the assignee of the patents listed in this

paragraph.  Intel lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in this paragraph and therefore denies the same.

3.      Intel admits the allegations in this paragraph.

**JURISDICTION AND VENUE**

4.      Intel admits the allegations in this paragraph.

5.      Intel admits that it filed claims against Future Link in this Court.  Intel admits that it conducts business within the State and District of Delaware, that it is incorporated in Delaware, that it filed claims against Future Link in this Court, and that it sells products accused of patent infringement by Future Link in this district.  Intel further admits that it is subject to personal jurisdiction in this particular action.  Intel denies any remaining allegations in this paragraph.

6.      Intel admits that it does business in this district.  Intel further admits that venue is proper in this district in this particular action.  Intel denies any remaining allegations in this paragraph.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,608,357)

7.      This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–6 as if fully set forth herein.

8.      Intel admits that, on its face, Exhibit 1 indicates that U.S. Patent No. 5,608,357 ("the '357 Patent") was issued on March 4, 1997.  Intel admits that Exhibit 1 is a copy of the '357 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

9.      Intel admits that, on its face, the '357 Patent names Paul Ta and Michael Cheng as co-inventors.

10.      Intel admits that Future Link claims to be the owner and assignee of the '357 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

11.      Intel admits that paragraph 11 contains language from the '357 Patent.  Intel denies any remaining allegations in this paragraph.

2

12.     Intel admits that paragraph 12 contains language from the '357 Patent.  Intel denies any remaining allegations in this paragraph.

13.     Intel admits that paragraph 13 contains language from the '357 Patent.  Intel denies any remaining allegations in this paragraph.

14.     Intel admits that it received an indemnity request regarding the '357 Patent on or about April 26, 2013.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '357 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '357 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

15.     Intel denies the allegations in this paragraph.

16.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies the remaining allegations in this paragraph.

17.     Intel denies the allegations in this paragraph.

18.     Intel denies the allegations in this paragraph.

19.     Intel denies the allegations in this paragraph.

20.     Intel admits that it received an indemnity request regarding the '357 Patent on or about April 26, 2013.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '357 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies the remaining allegations in this paragraph.

21.     Intel denies the allegations in this paragraph.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,754,867)

22.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–21 as if fully set forth herein.

23.     Intel admits that, on its face, Exhibit 2 indicates that U.S. Patent No. 5,754,867 ("the '867 Patent") was issued on May 19, 1998.  Intel admits that Exhibit 2 is a copy of the '867 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

24.     Intel admits that, on its face, the '867 Patent names Gary Walker as inventor.

25.     Intel admits that Future Link claims to be the owner and assignee of the '867 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

26.     Intel admits that paragraph 26 contains language from the '867 Patent.  Intel denies any remaining allegations in this paragraph.

27.     Intel admits that paragraph 27 contains language from the '867 Patent.  Intel denies any remaining allegations in this paragraph.

28.     Intel admits that paragraph 28 contains language from the '867 Patent.  Intel denies any remaining allegations in this paragraph.

29.     Intel admits that the '867 Patent has been cited during prosecution of at least one Intel patent application.  Intel denies any remaining allegations in this paragraph.

30.     Intel denies the allegations in this paragraph.

31.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies the remaining allegations in this paragraph.

32.     Intel denies the allegations in this paragraph.

33.     Intel denies the allegations in this paragraph.

34.     Intel denies the allegations in this paragraph.

35.     Intel admits the '867 Patent has been cited during prosecution of at least one Intel patent application.  Intel further admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

36.     Intel denies the allegations in this paragraph.

## THIRD COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,870,570)

37.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–36 as if fully set forth herein.

38.     Intel admits that, on its face, Exhibit 3 indicates that U.S. Patent No. 5,870,570 ("the '570 Patent") was issued on February 9, 1999.  Intel admits that Exhibit 3 is a copy of the '570 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

39.     Intel admits that, on its face, the '570 Patent names Peter Chambers, Edward Michael Petryk, and George Parker Crouse as co-inventors.

40.     Intel admits that Future Link claims to be the owner and assignee of the '570 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

41.     Intel admits that paragraph 41 contains language from the '570 Patent.  Intel denies any remaining allegations in this paragraph.

42.     Intel admits that paragraph 42 contains language from the '570 Patent.  Intel denies any remaining allegations in this paragraph.

43.     Intel admits that paragraph 43 contains language from the '570 Patent.  Intel denies any remaining allegations in this paragraph.

44.     Intel admits that it received an indemnity request regarding the '570 Patent on or about June 21, 2012.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '570 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '570 Patent from Future Link on June 5, 2015.  Intel denies the remaining allegations in this paragraph.

45.     Intel denies the allegations in this paragraph.

46.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies the remaining allegations in this paragraph.

47.     Intel denies the allegations in this paragraph.

48.     Intel denies the allegations in this paragraph.

49.     Intel denies the allegations in this paragraph.

50.     Intel admits that it received an indemnity request regarding the '570 Patent on or about June 21, 2012.  Intel further admits that it has asserted declaratory judgment claims of

noninfringement and invalidity with respect to the '570 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

51.     Intel denies the allegations in this paragraph.

## FOURTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,008,823)

52.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–51 as if fully set forth herein.

53.     Intel admits that, on its face, Exhibit 4 indicates that U.S. Patent No. 6,008,823 ("the '823 Patent") was issued on December 28, 1999.  Intel admits that Exhibit 4 is a copy of the '823 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

54.     Intel admits that, on its face, the '823 Patent names Desi Rhoden, Judson Alan Lehman, and Mike Nakahara as co-inventors.

55.     Intel admits that Future Link claims to be the owner and assignee of the '823 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

56.     Intel admits that paragraph 56 contains language from the '823 Patent.  Intel denies any remaining allegations in this paragraph.

57.     Intel admits that paragraph 57 contains language from the '823 Patent.  Intel denies any remaining allegations in this paragraph.

58.     Intel admits that paragraph 58 contains language from the '823 Patent.  Intel denies any remaining allegations in this paragraph.

59.     Intel admits that it received an indemnity request regarding the '823 Patent on or about April 26, 2013.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '823 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '823 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

60.     Intel denies the allegations in this paragraph.

61.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

62.     Intel denies the allegations in this paragraph.

63.     Intel denies the allegations in this paragraph.

64.     Intel denies the allegations in this paragraph.

65.     Intel admits that it received an indemnity request regarding the '823 Patent on or about April 26, 2013.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '823 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

66.     Intel denies the allegations in this paragraph.

## FIFTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,052,754)

67.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–66 as if fully set forth herein.

68.     Intel admits that, on its face, Exhibit 5 indicates that U.S. Patent No. 6,052,754 ("the '754 Patent") was issued on April 18, 2000.  Intel admits that Exhibit 5 is a copy of the '754 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

69.     Intel admits that, on its face, the '754 Patent names Vishal Anand as inventor.

70.     Intel admits that Future Link claims to be the owner and assignee of the '754 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

71.     Intel admits that paragraph 71 contains language from the '754 Patent.  Intel denies any remaining allegations in this paragraph.

72.     Intel admits that paragraph 72 contains language from the '754 Patent.  Intel denies any remaining allegations in this paragraph.

73.     Intel admits that paragraph 73 contains language from the '754 Patent.  Intel denies any remaining allegations in this paragraph.

74.     Intel denies the allegations in this paragraph.

75.     Intel denies the allegations in this paragraph.

76.     Intel denies the allegations in this paragraph.

77.     Intel denies the allegations in this paragraph.

## SIXTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,108,738)

78.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–77 as if fully set forth herein.

79.     Intel admits that, on its face, Exhibit 6 indicates that U.S. Patent No. 6,108,738 ("the '738 Patent") was issued on August 22, 2000.  Intel admits that Exhibit 6 is a copy of the '738 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

80.     Intel admits that, on its face, the '738 Patent names Peter Chambers, David Gerard Spaniol, and Ronald Lange as co-inventors.

81.     Intel admits that Future Link claims to be the owner and assignee of the '738 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

82.     Intel admits that paragraph 82 contains language from the '738 Patent.  Intel denies any remaining allegations in this paragraph.

83.     Intel admits that paragraph 83 contains language from the '738 Patent.  Intel denies any remaining allegations in this paragraph.

84.     Intel admits that paragraph 84 contains language from the '738 Patent.  Intel denies any remaining allegations in this paragraph.

85.     Intel admits that it received an indemnity request regarding the '738 Patent on or about June 21, 2012.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '738 Patent in this Court.  Intel further admits

that it received preliminary infringement contentions regarding the '738 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

86.     Intel denies the allegations in this paragraph.

87.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

88.     Intel denies the allegations in this paragraph.

89.     Intel denies the allegations in this paragraph.

90.     Intel denies the allegations in this paragraph.

91.     Intel admits that it received an indemnity request regarding the '738 Patent on or about June 21, 2012.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '738 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

92.     Intel denies the allegations in this paragraph.

## SEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,317,804)

93.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–92 as if fully set forth herein.

94.     Intel admits that, on its face, Exhibit 7 indicates that U.S. Patent No. 6,317,804 ("the '804 Patent") was issued on November 13, 2001.  Intel admits that Exhibit 7 is a copy of

the '804 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

95.     Intel admits that, on its face, the '804 Patent names Paul S. Levy and Judson Alan Lehman as co-inventors.

96.     Intel admits that Future Link claims to be the owner and assignee of the '804 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

97.     Intel admits that paragraph 97 contains language from the '804 Patent.  Intel denies any remaining allegations in this paragraph.

98.     Intel admits that paragraph 98 contains language from the '804 Patent.  Intel denies any remaining allegations in this paragraph.

99.     Intel admits that paragraph 99 contains language from the '804 Patent.  Intel denies any remaining allegations in this paragraph.

100.     Intel admits that the '804 Patent has been cited during prosecution of at least one Intel patent application.  Intel denies any remaining allegations in this paragraph.

101.     Intel denies the allegations in this paragraph.

102.     Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

103.     Intel denies the allegations in this paragraph.

104.     Intel denies the allegations in this paragraph.

105.     Intel denies the allegations in this paragraph.

106.     Intel admits the '804 Patent has been cited during prosecution of at least one Intel patent application.  Intel further admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies the remaining allegations in this paragraph.

107.     Intel denies the allegations in this paragraph.

## EIGHTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,606,576)

108.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–107 as if fully set forth herein.

109.     Intel admits that, on its face, Exhibit 8 indicates that U.S. Patent No. 6,606,576 ("the '6576 Patent") was issued on August 12, 2003.  Intel admits that Exhibit 8 is a copy of the '6576 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

110.     Intel admits that, on its face, the '6576 Patent names D. C. Sessions as inventor.

111.     Intel admits that Future Link claims to be the owner and assignee of the '6576 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

112.     Intel admits that paragraph 112 contains language from the '6576 Patent.  Intel denies any remaining allegations in this paragraph.

113.     Intel admits that paragraph 113 contains language from the '6576 Patent.  Intel denies any remaining allegations in this paragraph.

114.    Intel admits that it received an indemnity request regarding the '6576 Patent on or about April 6, 2012.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '6576 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '6576 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

115.    Intel denies the allegations in this paragraph.

116.    Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

117.    Intel denies the allegations in this paragraph.

118.    Intel denies the allegations in this paragraph.

119.    Intel denies the allegations in this paragraph.

120.    Intel admits that it received an indemnity request regarding the '6576 Patent on or about April 6, 2012.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '6576 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

121.    Intel denies the allegations in this paragraph.

## NINTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,622,108)

122.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–121 as if fully set forth herein.

123.   Intel admits that, on its face, Exhibit 9 indicates that U.S. Patent No. 6,622,108 ("the '108 Patent") was issued on September 16, 2003.  Intel admits that Exhibit 9 is a copy of the '108 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

124.   Intel admits that, on its face, the '108 Patent names Franciscus G. M. De Jong, Mathias N. M. Muris, Robertus M. W. Raaijmakers, and Guillaume E. A. Lousberg as co-inventors.

125.   Intel admits that Future Link claims to be the owner and assignee of the '108 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

126.   Intel admits that paragraph 126 contains language from the '108 Patent.  Intel denies any remaining allegations in this paragraph.

127.   Intel admits that it received an indemnity request regarding the '108 Patent on or about June 21, 2012.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '108 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '108 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

128.   Intel denies the allegations in this paragraph.

129.   Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

130.   Intel denies the allegations in this paragraph.

131.   Intel denies the allegations in this paragraph.

132.    Intel denies the allegations in this paragraph.

133.    Intel admits that it received an indemnity request regarding the '108 Patent on or about June 21, 2012.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '108 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

134.    Intel denies the allegations in this paragraph.

## TENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,478,302)

135.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–134 as if fully set forth herein.

136.    Intel admits that, on its face, Exhibit 10 indicates that U.S. Patent No. 7,478,302 ("the '302 Patent") was issued on January 13, 2009.  Intel admits that Exhibit 10 is a copy of the '302 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

137.    Intel admits that, on its face, the '302 Patent names Hendricus Joseph Maria Veendrick as inventor.

138.    Intel admits that Future Link claims to be the owner and assignee of the '302 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

139.    Intel admits that paragraph 139 contains language from the '302 Patent.  Intel denies any remaining allegations in this paragraph.

140.    Intel admits that paragraph 140 contains language from the '302 Patent.  Intel denies any remaining allegations in this paragraph.

141.    Intel admits that paragraph 141 contains language from the '302 Patent.  Intel denies any remaining allegations in this paragraph.

142.    Intel admits that it received an indemnity request regarding the '302 Patent on or about June 21, 2012.  Intel admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '302 Patent in this Court.  Intel further admits that it received preliminary infringement contentions regarding the '302 Patent from Future Link on June 5, 2015.  Intel denies any remaining allegations in this paragraph.

143.    Intel denies the allegations in this paragraph.

144.    Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

145.    Intel denies the allegations in this paragraph.

146.    Intel denies the allegations in this paragraph.

147.    Intel denies the allegations in this paragraph.

148.    Intel admits that it received an indemnity request regarding the '302 Patent on or about June 21, 2012.  Intel further admits that it has asserted declaratory judgment claims of noninfringement and invalidity with respect to the '302 Patent in this Court.  Intel admits that it provides documentation, including datasheets and other documents and information about its products, including those that are publicly available at http://ark.intel.com.  Intel denies any remaining allegations in this paragraph.

149.    Intel denies the allegations in this paragraph.

## ELEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,685,439)

150.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–149 as if fully set forth herein.

151.    Intel admits that, on its face, Exhibit 11 indicates that U.S. Patent No. 7,685,439 ("the '439 Patent") was issued on March 23, 2010.  Intel admits that Exhibit 11 is a copy of the '439 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

152.    Intel admits that, on its face, the '439 Patent names Wolfram Drescher as inventor.

153.    Intel admits that Future Link claims to be the owner and assignee of the '439 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

154.    Intel admits that paragraph 154 contains language from the '439 Patent.  Intel denies any remaining allegations in this paragraph.

155.    Intel admits that paragraph 155 contains language from the '439 Patent.  Intel denies any remaining allegations in this paragraph.

156.    Intel denies the allegations in this paragraph.

157.    Intel denies the allegations in this paragraph.

158.    Intel denies the allegations in this paragraph.

159.    Intel denies the allegations in this paragraph.

## TWELFTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,743,257)

160.     This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–159 as if fully set forth herein.

161.     Intel admits that, on its face, Exhibit 12 indicates that U.S. Patent No. 7,743,257 ("the '257 Patent") was issued on June 22, 2010.  Intel admits that Exhibit 12 is a copy of the '257 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

162.     Intel admits that, on its face, the '257 Patent names Thorwald Rabeler as inventor.

163.     Intel admits that Future Link claims to be the owner and assignee of the '257 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

164.     Intel admits that paragraph 164 contains language from the '257 Patent.  Intel denies any remaining allegations in this paragraph.

165.     Intel admits that paragraph 165 contains language from the '257 Patent.  Intel denies any remaining allegations in this paragraph.

166.     Intel admits that paragraph 166 contains language from the '257 Patent.  Intel denies any remaining allegations in this paragraph.

167.     Intel denies the allegations in this paragraph.

168.     Intel denies the allegations in this paragraph.

169.     Intel denies the allegations in this paragraph.

170.     Intel denies the allegations in this paragraph.

## THIRTEENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,917,680)

171.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–170 as if fully set forth herein.

172.    Intel admits that, on its face, Exhibit 13 indicates that U.S. Patent No. 7,917,680 ("the '680 Patent") was issued on March 29, 2011.  Intel admits that Exhibit 13 is a copy of the '680 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

173.    Intel admits that, on its face, the '680 Patent names Kevin Locker as inventor.

174.    Intel admits that Future Link claims to be the owner and assignee of the '680 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

175.    Intel admits that paragraph 175 contains language from the '680 Patent.  Intel denies any remaining allegations in this paragraph.

176.    Intel admits that paragraph 176 contains language from the '680 Patent.  Intel denies any remaining allegations in this paragraph.

177.    Intel admits that paragraph 177 contains language from the '680 Patent.  Intel denies any remaining allegations in this paragraph.

178.    Intel denies the allegations in this paragraph.

179.    Intel denies the allegations in this paragraph.

180.    Intel denies the allegations in this paragraph.

181.    Intel denies the allegations in this paragraph.

## FOURTEENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,983,888)

182.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–181 as if fully set forth herein.

183.    Intel admits that, on its face, Exhibit 14 indicates that U.S. Patent No. 7,983,888 ("the '888 Patent") was issued on July 19, 2011.  Intel admits that Exhibit 14 is a copy of the '888 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

184.    Intel admits that, on its face, the '888 Patent names David R. Evoy and Jerry Michael Rose as co-inventors.

185.    Intel admits that Future Link claims to be the owner and assignee of the '888 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

186.    Intel admits that paragraph 186 contains language from the '888 Patent.  Intel denies any remaining allegations in this paragraph.

187.    Intel admits that paragraph 187 contains language from the '888 Patent.  Intel denies any remaining allegations in this paragraph.

188.    Intel admits that paragraph 188 contains language from the '888 Patent.  Intel denies any remaining allegations in this paragraph.

189.    Intel denies the allegations in this paragraph.

190.    Intel denies the allegations in this paragraph.

191.    Intel denies the allegations in this paragraph.

192.    Intel denies the allegations in this paragraph.

## FIFTEENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,099,614)

193.    This paragraph does not appear to require an answer.  To the extent any response is required, Intel repeats and realleges the responses to paragraphs 1–192 as if fully set forth herein.

194.    Intel admits that, on its face, Exhibit 15 indicates that U.S. Patent No. 8,099,614 ("the '614 Patent") was issued on January 17, 2012.  Intel admits that Exhibit 15 is a copy of the '614 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

195.    Intel admits that, on its face, the '614 Patent names Tim Pontius, Swati Saxena, Neal Wingen, and Niranjan A. Puttaswamy as co-inventors.

196.    Intel admits that Future Link claims to be the owner and assignee of the '614 Patent.  Intel lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

197.    Intel admits that paragraph 197 contains language from the '614 Patent.  Intel denies any remaining allegations in this paragraph.

198.    Intel admits that paragraph 198 contains language from the '614 Patent.  Intel denies any remaining allegations in this paragraph.

199.    Intel admits that paragraph 199 contains language from the '614 Patent.  Intel denies any remaining allegations in this paragraph.

200.    Intel denies the allegations in this paragraph.

201.    Intel denies the allegations in this paragraph.

202.    Intel denies the allegations in this paragraph.

203.    Intel denies the allegations in this paragraph.

## PRAYER FOR RELIEF

204.    Intel denies that Future Link is entitled to any of the relief requested in its Prayer for Relief against Intel.

## GENERAL DENIAL

205.    Intel further denies each and every allegation contained in Future Link's Counterclaims to which Intel has not specifically admitted, denied, or otherwise responded to herein.

## INTEL'S AFFIRMATIVE DEFENSES

Subject to the responses above, and incorporating to the extent necessary the allegations of Intel's counterclaims below, Intel alleges and asserts the following defenses in response to Future Link's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Insofar as necessary, Intel incorporates fully by reference herein the averments set forth in Intel's First Amended Complaint for Declaratory Judgment.  In addition to the affirmative defenses described below, subject to the responses above, Intel specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of United States Patent Nos. 5,608,357; 5,754,867; 5,870,570; 6,008,823; 6,052,754; 6,108,738; 6,317,804; 6,606,576; 6,622,108; 7,478,302; 7,685,439; 7,743,257; 7,917,680; 7,983,888; and 8,099,614 (the "Counterclaim Patents") are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103 and/or 112.

23

## THIRD AFFIRMATIVE DEFENSE

Intel has not infringed and does not infringe any valid and enforceable claim of the Counterclaim Patents.

## FOURTH AFFIRMATIVE DEFENSE

Future Link's claim for damages is limited by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

Future Link is barred in whole or in part from recovering damages under 35 U.S.C. § 287 due, at least in part, to Future Link's failure to provide proper notice of any alleged infringement and because Future Link has failed to require that any licensee mark with the numbers of the Counterclaim Patents.

## SIXTH AFFIRMATIVE DEFENSE

Future Link's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Future Link's claims are barred by one or more of the doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), and unenforceability.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Future Link's claims are barred by express license pursuant to the license agreement between Intel, ███████████████████████████████████████, effective July 15, 1990.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Future Link's claims are barred by the doctrine of patent exhaustion.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Future Link's claims and prayer for relief are barred and/or limited by binding obligations that Future Link license any alleged standards essential patents on fair, reasonable, and non-discriminatory terms, including, for example, such binding obligations arising from at least two of the former owners of Future Link's patents, Philips and NXP, being members of the PCI-SIG (Peripheral Component Interconnect Special Interest Group) before, during, and after the adoption of the PCI and PCI Express standards, and while they owned the patents now allegedly owned by Future Link.

## PRAYER FOR RELIEF

WHEREFORE, Intel seeks the following relief:

A.      That judgment be entered in its favor;

B.      That Future Link take nothing by its Counterclaims and that Future Link's Counterclaims be dismissed with prejudice;

C.      That judgment be entered finding that Intel has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Counterclaim Patents, either literally or under the Doctrine of Equivalents;

D.      That judgment be entered finding that Intel's customers have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the Counterclaim Patents, either literally or under the Doctrine of Equivalents, based on their alleged incorporation or use of any Intel products, including chipsets, processors, motherboards, systems on chips, and multi-chip packages, or other accused products supplied by Intel;

E.      That judgment be entered finding that Intel is licensed and/or that Future Link's rights are exhausted;

F.      That an order be entered enjoining Future Link and its officers, agents, servants, employees, attorneys, and those in concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the Counterclaim Patents against Intel or the suppliers, manufacturers, distributors, resellers, customers, or end users of its products;

G.      That pursuant to 35 U.S.C. § 285, Future Link's conduct in commencing and pursuing this action be found to render this an exceptional case and that Intel be awarded attorneys' fees in connection with this action; and

H.      That Intel be granted such other and additional relief as this Court deems just and proper.

**INTEL'S COUNTERCLAIMS**

Intel repeats and realleges the allegations provided in its First Amended Complaint for Declaratory Judgment as if fully set forth herein.  Intel further alleges, on knowledge as to its own actions and on information and belief as to all other matters, as follows:

**THE PARTIES**

1.      Intel is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054.  Intel does business in this District.

2.      Future Link is a limited liability company organized and existing under the laws of the State of Delaware.  Future Link's registered agent for service is National Corporate Research, Ltd., 615 Dupont Hwy., Dover, Delaware 19901.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a),

28 U.S.C. § 2201 et seq., and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

This Court further has supplemental jurisdiction in this action under 28 U.S.C. § 1367.

4.      Future Link is subject to the personal jurisdiction of this Court for at least the

reason that, in filing its Counterclaims in this case, Future Link has submitted to the personal

jurisdiction of this Court.

5.      Future Link is further subject to the personal jurisdiction of this Court by virtue of

its sufficient minimum contacts with this forum at least as a result of its organization under the

laws of Delaware.

6.      Venue is proper for Intel's claims under 28 U.S.C. §§ 1391(b) and 1391(c).

Future Link has admitted that venue in this District for this action is proper.  In addition, a

substantial part of the events or omissions giving rise to these claims occurred in this District.

## COUNT ONE
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,754,867

7.      Intel repeats and realleges the allegations in paragraphs 1–6 of its Counterclaims.

8.      Intel has not infringed and does not infringe any valid and enforceable claim of

the '867 Patent, either literally or under the Doctrine of Equivalents.

9.      Intel customers have not infringed and do not infringe, directly or indirectly, any

valid and enforceable claim of the '867 Patent, either literally or under the Doctrine of

Equivalents, based on their incorporation and use of Intel processors or multi-chip packages that

support Speed-Step and/or Turbo Boost technology.

10.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 22–36), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '867 Patent.

12.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '867 Patent, and that its customers have not infringed and do not infringe the '867 Patent based on their incorporation and use of accused Intel products described above.

## COUNT TWO
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,754,867

13.     Intel repeats and realleges the allegations in paragraphs 1–12 of its Counterclaims as though fully set forth herein.

14.     The '867 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

15.     For example, the '867 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,778,237 ("the '237 Patent"), discloses the limitations of the claims of the '867 Patent as asserted by Future Link.  The '237 Patent was known in the art by at least December 14, 1995.

16.     As another example, the '867 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '867 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '237 Patent, either alone or in combination with other prior art.

17.     The '867 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

18.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at at ¶¶ 22–36), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '867 Patent.

## COUNT THREE
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,052,754

20.     Intel repeats and realleges the allegations in paragraphs 1–19 of its Counterclaims as though fully set forth herein.

21.     Intel has not infringed and does not infringe any valid and enforceable claim of the '754 Patent, either literally or under the Doctrine of Equivalents.

22.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '754 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

23.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 67–77), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '754 Patent.

25.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '754 Patent, and that its customers have not infringed and do not infringe the '754 Patent based on their incorporation and use of accused Intel products described above.

## COUNT FOUR
## DECLARATION OF INVALIDITY OF U.S. PATENT. NO. 6,052,754

26.     Intel repeats and realleges the allegations in paragraphs 1–25 of its Counterclaims as though fully set forth herein.

27.     The '754 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

28.     For example, the '754 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,870,570 ("the '570 Patent"), discloses the limitations of the claims of the '754 Patent as asserted by Future Link.  The '570 Patent was known in the art by at least October 29, 1996.

29.     As another example, the '754 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '754 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '570 Patent, either alone or in combination with other prior art.

30.     The '754 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

31.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 67–77), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '754 Patent.

## COUNT FIVE
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,317,804

33.     Intel repeats and realleges the allegations in paragraphs 1–32 of its Counterclaims as though fully set forth herein.

34.     Intel has not infringed and does not infringe any valid and enforceable claim of the '804 Patent, either literally or under the Doctrine of Equivalents.

35.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '804 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

36.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 93–107), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '804 Patent.

38.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '804 Patent, and that its customers have not infringed and do not infringe the '804 Patent based on their incorporation and use of accused Intel products described above.

## COUNT SIX
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,317,804

39.     Intel repeats and realleges the allegations in paragraphs 1–38 of its Counterclaims as though fully set forth herein.

40.     The '804 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

41.     For example, the '804 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 6,065,077 ("the '077 Patent"), discloses the limitations of the claims of the '804 Patent as asserted by Future Link.  The '077 Patent was known in the art by at least December 7, 1997.

42.     As another example, the '804 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '804 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '077 Patent, either alone or in combination with other prior art.

43.     The '804 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

44.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 93–107), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '804 Patent.

## COUNT SEVEN
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,685,439

46.     Intel repeats and realleges the allegations in paragraphs 1–45 of its Counterclaims as though fully set forth herein.

47.     Intel has not infringed and does not infringe any valid and enforceable claim of the '439 Patent, either literally or under the Doctrine of Equivalents.

48.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '439 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel processors or multi-chip packages.

49.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 150–159), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '439 Patent.

51.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '439 Patent, and that its customers have not infringed and do not infringe the '439 Patent based on their incorporation and use of accused Intel products described above.

**COUNT EIGHT**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,685,439**

52.     Intel repeats and realleges the allegations in paragraphs 1–51 of its Counterclaims as though fully set forth herein.

53.     The '439 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

54.     For example, the '439 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 5,784,636 ("the '636 Patent"), discloses the limitations of the claims of the '439 Patent as asserted by Future Link.  The '636 Patent was known in the art by at least May 28, 1996.

55.     As another example, the '439 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '439 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '636 Patent, either alone or in combination with other prior art.

56.     The '439 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

57.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 150–159), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

58.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '439 Patent.

## COUNT NINE
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,743,257

59.     Intel repeats and realleges the allegations in paragraphs 1–58 of its Counterclaims as though fully set forth herein.

60.     Intel has not infringed and does not infringe any valid and enforceable claim of the '257 Patent, either literally or under the Doctrine of Equivalents.

61.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '257 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

62.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 160–170), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '257 Patent.

64.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '257 Patent, and that its customers have not infringed and do not infringe the '257 Patent based on their incorporation and use of accused Intel products described above.

## COUNT TEN
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,743,257

65.     Intel repeats and realleges the allegations in paragraphs 1–64 of its Counterclaims as though fully set forth herein.

66.     The '257 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

67.     For example, the '257 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. 2003/0221030 ("the '030 Application"), discloses the limitations of the claims of the '257 Patent as asserted by Future Link.  The '030 Application was known in the art by at least May 24, 2002.

68.     As another example, the '257 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '257 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '030 Application and U.S. Patent Nos. 7,277,972 and 6,662,251, either alone, together, or in combination with other prior art.

69.     The '257 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

70.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 160–170), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '257 Patent.

## COUNT ELEVEN
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,917,680

72.     Intel repeats and realleges the allegations in paragraphs 1–71 of its Counterclaims as though fully set forth herein.

73.     Intel has not infringed and does not infringe any valid and enforceable claim of the '680 Patent, either literally or under the Doctrine of Equivalents.

74.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '680 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

75.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 171–181), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

76.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '680 Patent.

77.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '680 Patent, and that its customers have not infringed and do not infringe the '680 Patent based on their incorporation and use of accused Intel products described above.

## COUNT TWELVE
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,917,680

78.     Intel repeats and realleges the allegations in paragraphs 1–77 of its Counterclaims as though fully set forth herein.

79.     The '680 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

80.     For example, the '680 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 6,327,636 ("the '636 Patent"), discloses the limitations of the claims of the '680 Patent as asserted by Future Link.  The '636 Patent was known in the art by at least September 16, 1997.

81.     As another example, the '680 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '680 Patent as asserted by Future Link would have been obvious to one

of ordinary skill in the art in view of the prior art, such as the '636 Patent as well as U.S. Patent No. 6,941,407, either alone, together, or in combination with other prior art.

82.     The '680 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

83.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 171–181), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

84.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '680 Patent.

**COUNT THIRTEEN**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,983,888**

85.     Intel repeats and realleges the allegations in paragraphs 1–84 of its Counterclaims as though fully set forth herein.

86.     Intel has not infringed and does not infringe any valid and enforceable claim of the '888 Patent, either literally or under the Doctrine of Equivalents.

87.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '888 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

88.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 182–192), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '888 Patent.

90.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '888 Patent, and that its customers have not infringed and do not infringe the '888 Patent based on their incorporation and use of accused Intel products described above.

### COUNT FOURTEEN
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,983,888

91.     Intel repeats and realleges the allegations in paragraphs 1–90 of its Counterclaims as though fully set forth herein.

92.     The '888 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

93.     For example, the '888 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as U.S. Patent No. 7,251,704 ("the '704 Patent"), discloses the limitations of the claims of the '888 Patent as asserted by Future Link.  The '704 Patent was known in the art by at least August 23, 2002.

94.     As another example, the '888 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '888 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '704 Patent, either alone or in combination with other prior art.

95.     The '888 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

96.     As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 182–192), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '888 Patent.

## <u>COUNT FIFTEEN</u>
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,099,614

98.     Intel repeats and realleges the allegations in paragraphs 1–97 of its Counterclaims as though fully set forth herein.

99.     Intel has not infringed and does not infringe any valid and enforceable claim of the '614 Patent, either literally or under the Doctrine of Equivalents.

100.     Intel customers have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '614 Patent, either literally or under the Doctrine of Equivalents, based on their incorporation and use of Intel products (*e.g.*, chipsets or processors) that supply Intel IOSF technology.

101.     As a result of at least the allegations contained in Plaintiffs' First Amended Complaint (*e.g.*, at ¶¶ 193–203), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

102.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '614 Patent.

103.     Intel is entitled to a judicial declaration that it has not infringed and does not infringe the '614 Patent, and that its customers have not infringed and do not infringe the '614 Patent based on their incorporation and use of accused Intel products described above.

## <u>COUNT SIXTEEN</u>
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,099,614

104.     Intel repeats and realleges the allegations in paragraphs 1–103 of its Counterclaims as though fully set forth herein.

105.     The '614 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

106.   For example, the '614 Patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as European Patent 1491988 and the related published European Patent Application ("the '988 Patent Application"), discloses the limitations of the claims of the '614 Patent as asserted by Future Link.  The '988 Patent Application was known in the art by at least December 29, 2004.

107.   As another example, the '614 Patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '614 Patent as asserted by Future Link would have been obvious to one of ordinary skill in the art in view of the prior art, such as the '988 Patent Application, either alone or in combination with other prior art.

108.   The '614 Patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description to support the claims as asserted by Future Link.

109.   As a result of at least the allegations contained in Future Link's Counterclaims (*e.g.*, at ¶¶ 193–203), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

110.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '614 Patent.

## PRAYER FOR RELIEF ON INTEL'S COUNTERCLAIMS

WHEREFORE, Intel respectfully requests that the Court enter judgment in its favor granting the following relief:

A.   A declaration that Intel has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of United States Patent Nos. 5,754,867; 6,052,754; 6,317,804; 7,685,439; 7,743,257; 7,917,680; 7,983,888; and 8,099,614, either literally or under the Doctrine of Equivalents;

B.      A declaration that Intel's customers have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of United States Patent Nos. 5,754,867; 6,052,754; 6,317,804; 7,685,439; 7,743,257; 7,917,680; 7,983,888; and 8,099,614. either literally or under the Doctrine of Equivalents, based on their alleged incorporation or use of any Intel products, including chipsets, processors, motherboards, systems on chips, and multi-chip packages, or other accused products supplied by Intel;

C.      A declaration that United States Patent Nos. 5,754,867; 6,052,754; 6,317,804; 7,685,439; 7,743,257; 7,917,680; 7,983,888; and 8,099,614 are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103 and/or 112;

E.      That an order be entered enjoining Future Link and its officers, agents, servants, employees, attorneys, and those in concert or participation with them from asserting infringement or instituting or continuing any action for infringement of United States Patent Nos. 5,754,867; 6,052,754; 6,317,804; 7,685,439; 7,743,257; 7,917,680; 7,983,888; and 8,099,614 against Intel or the suppliers, manufacturers, distributors, resellers, customers, or end users of its products;

F.      That pursuant to 35 U.S.C. § 285, Future Link's conduct in commencing and pursuing this action be found to render this an exceptional case and that Intel be awarded attorneys' fees in connection with this action;

G.      A judgment in Intel's favor on all of its counterclaims; and

H.      For such other and additional relief as this Court deems just and proper.


## JURY DEMAND

Intel hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon

_____

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
psaindon@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Adam Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94194
(415) 439-1400

Michael W. De Vries
Jason Choy
Tim G. Majors
Christopher M. Lawless
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA  90071
(213) 680-8400

Gregory S. Arovas
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4766

Lien K. Dang
KIRKLAND & ELLIS LLP
3330 Hillside Avenue
Palo Alto, CA  94304
(650) 859-7000

Original Filing Date:  September 2, 2015
Redacted Filing Date:  September 2, 2015