## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTEL CORPORATION,           :

               :

        Plaintiff,         :

               :

    v.               :     C.A. No. 14-377-LPS

               :

FUTURE LINK SYSTEMS, LLC,    :

               :

        Defendant.      :

### MEMORANDUM ORDER

At Wilmington this **27th** day of **January, 2017**:

Pending before the Court are disputes related to the parties' privilege logs. (*See* D.I. 436)

On August 17, 2016, the Court held a teleconference to hear argument on the parties' disputes

related to their privilege logs. (*See* Transcript, D.I. 404 ("Tr.")) At the conclusion of the call, the

Court instructed the parties to "pick ten specific entries from the other side's privilege log" and

then meet and confer regarding the chosen entries. (*Id.* at 36) After resolving as many disputes

as possible via meeting and conferring, the parties were instructed to submit their remaining

disputes, and the related documents, to the Court for *in camera* review. (*Id.* at 37; *see also* D.I.

409) Thereafter, Plaintiff Intel Corporation submitted nine documents for review (along with a

list of the names of the people on the documents) and Defendant Future Link Systems, LLC

submitted seven documents for review (along with supporting declarations from Amit Garg,

Rowena Young, and Brian Marcucci). (D.I. 436 at 1)

The Court has reviewed the disputed documents and privilege log entries. For the reasons

below, and in accordance with the Court's instructions below, **IT IS HEREBY ORDERED**

1

that:

(1) Future Link's requested relief – that Intel produce certain documents withheld as privileged – is **GRANTED IN PART** and **DENIED IN PART**, as indicated below;

(2) Intel's requested relief – that Future Link produce certain documents withheld as privileged or attorney work product – is **DENIED**;

(3) the parties shall meet and confer and submit, no later than **February 3, 2017**, a joint status report, providing their proposal(s) for how the Court should now proceed with respect to resolving any remaining issues relating to privilege logs; and

(4) the parties shall meet and confer and submit, no later than **January 31, 2017**, a proposed redacted version of this Memorandum Order.

## I.    FUTURE LINK'S REQUESTED RELIEF

Future Link challenges Intel's assertion of the attorney-client privilege for nine documents submitted as exhibits *in camera*. (*See* D.I. 433) The Court refers to the documents by their exhibit numbers.

**Exhibit 1**: This document shall be produced to Future Link. There is no indication that the document was ever actually sent to a lawyer for legal review, and it is unclear what "legal review process" is referred to in the top-level email sent August 5, 2008 at 9:58 a.m. This could refer to simple review by a paralegal or analysis by software or something other than review by an attorney for the purpose of giving legal advice. Moreover, the attached slide-show presentation appears to be entirely technical in nature, raising no issues that would clearly require review by an attorney. Intel has not met its burden of establishing that Exhibit 1 may properly be withheld from production as privileged.

2

**Exhibits 2-3**: These documents are properly redacted. Only the redacted versions need to be produced to Future Link (if they have not already been produced in the format submitted to the Court).

**Exhibit 4**: This document shall be produced to Future Link in unredacted form. Intel has not met its burden to justify its redactions for privilege because the only indication that the document may have been communicated to an attorney is a "Legal Review pending" designation on the first redacted page, which is insufficient evidence for the entire redacted portion to be deemed privileged. There is nothing in the content of what was redacted that would indicate what legal advice was sought or obtained, if any. Moreover, there is no indication of any communication to an attorney of the redacted portion of the document *for the purpose of obtaining legal advice*. *United States v. Costanzo*, 625 F.2d 465, 468 (3d Cir. 1980) ("[A] communication is not privileged simply because it is made by or to a person who happens to be a lawyer . . . .") (internal quotation marks omitted); *see also Weil Ceramics & Glass, Inc. v. Work*, 110 F.R.D. 500 (E.D.N.Y. Feb. 19, 1986) ("[I]n an *in camera* review, the party asserting the privilege bears the burden of proof.").

**Exhibit 5**: This document shall be produced to Future Link in unredacted form. The only redacted portion simply indicates that someone wanted a lawyer to attend a meeting. The fact that a lawyer was requested to be at a meeting, or even the fact that a lawyer attended a meeting, is not privileged.

**Exhibit 6**: The redactions in the emails from Jeremy B. McCormick, sent November 20, 2009 at 1:45 p.m. and November 18, 2009 at 9:50 a.m., are not warranted. The fact that a document was reviewed by an attorney is not enough, by itself, to make the statements which

3

have been redacted privileged.  Intel shall produce the document removing the two redactions just noted.

 **Exhibit 7**: Intel has met its burden to assert privilege with respect to this document.

 **Exhibit 8**: This document is properly redacted.  The redacted version must be produced to Future Link, if it has not already been produced.

 **Exhibit 9**: The redactions are improper because the fact that a document was reviewed by an attorney is not enough, by itself, to make these redacted statements privileged.  The document must be produced to Future Link in unredacted form.

## II. INTEL'S REQUESTED RELIEF

 Having review Future Link's documents challenged by Intel, the Court determines that **Exhibits 1-5** are privileged and that **Exhibits 6-7** were properly redacted.

## III. REDACTIONS

 The parties shall meet and confer and, no later than January 31, 2017, submit a proposed redacted version of this Memorandum Order.


HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT