# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, | : |
| Plaintiff, | : |
| v. | : C.A. No. 14-377-LPS |
| FUTURE LINK SYSTEMS, LLC, | : |
| Defendant. | : |

## MEMORANDUM ORDER

Having reviewed the parties' briefing and filings with respect to Future Link Systems, LLC's ("Future Link") Motion for Reconsideration (D.I. 463) and Motion for Leave to File a Reply Brief (D.I. 484),

IT IS HEREBY ORDERED that:

1. Future Link's Motion for Leave (D.I. 484) is GRANTED.

2. Future Link's Motion for Reconsideration (D.I. 463) is DENIED.

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court

rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

The Court has considered all briefing and filings, including those related to Future Link's Motion for Leave, in deciding the motions.

The Court agrees with Intel Corporation ("Intel") that "Future Link's Motion [for Reconsideration] simply repeats arguments that were previously raised [at the March 1, 2016 hearing], and does not add anything that could not have been presented to the Court before the Court's September 28, 2016 ruling [on summary judgment]." (D.I. 478 at 5) To the contrary, counsel for Future Link formulated the argument on which the request for reconsideration is based no later than the day before the March 2016 hearing and presented it at that hearing. (*See, e.g.*, D.I. 463 at 2-3) ("The night before the March 1, 2016 hearing on Intel Delaware's license claim, while preparing for the hearing, Future Link's counsel first noticed that contrary to Intel Delaware's representations, the license agreement at issue in this case stated that it was between Philips and Intel, a corporation of the State of California . . . not Intel Delaware . . . .") (emphasis

omitted) Thereafter, between March and August 2016, Future Link took discovery on this issue (*see* D.I. 478 at 4), but it was not until after the Court ruled on the summary judgment motion – agreeing, in large part, with Intel's licensing arguments – that Future Link chose to press its argument. These circumstances do not satisfy any of the narrow criteria for reconsideration.

In any event, Future Link's Motion for Reconsideration also fails on the merits. The licensing agreement at issue (D.I. 227 Ex. A.1) demonstrates that the signing entities intended for the agreement to be more than the nullity that it would amount to if the Court were to interpret the agreement as being between the Philips entities and a corporation (Intel California) that both parties agree did not exist at the time the license agreement was entered into.[1] "[A] contract can be reformed on the basis of mutual mistake if the writing does not accurately reflect the mutual intention of the parties . . . ." *Inv'rs Ins. Co. of Am. v. Dorinco Reinsurance Co.*, 917 F.2d 100, 105 (2d Cir. 1990). The agreement at issue here clearly indicates that all parties to the agreement intended for the signatory Intel Corporation (i.e., Intel Delaware) to be bound by the agreement and to receive all rights granted to Intel therein. Future Link points to no evidence (intrinsic or extrinsic) that would indicate that the signatory parties intended for the agreement to be a nullity. The reference in the agreement to Intel California rather than Intel Delaware is an obvious mistake.

---

[1] Future Link does not appear to dispute Intel's representation that "Intel California had merged into Intel Delaware and ceased to exist more than a year *before* the effective date of the Intel-Philips License, such that Intel California had become Intel Delaware by operation of law by the time of the license." (D.I. 478 at 1)

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than January 31, submit a proposed redacted version of this Memorandum Order.

January 27, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT

4